IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DeAnthony B. Curry, ) | CASE NO. 1:14 CV 2719 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| Ashtabula County Medical Center, ) | AND ORDER |
| ) | |
| ) | |
| Defendant. ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted the plaintiff leave to proceed *in forma pauperis*. Under 28 U.S.C. §1915(e)(2), the Court is required to dismiss *sua sponte* any *in forma pauperis* action it determines is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. The Court must read a *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court finds the plaintiff's complaint fails to state a claim on which relief may be granted and dismisses it pursuant to 28 U.S.C. §1915(e)(2).

In order to state a federal claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of right secured by the Constitution or laws of the United States and that the deprivation

was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The plaintiff's complaint asserts a claim for damages under § 1983 against a single defendant, the Ashtabula County Medical Center ("ACMC"). The plaintiff's alleged basis for the claim is that ACMC emergency room physicians failed to properly diagnose and treat him for STDs when he presented himself there prior to his incarceration.[1]

The plaintiff's complaint does not allege a viable claim under § 1983. Generally, private hospitals and private physicians do not act under color of law for purposes of §1983 unless their conduct can be said to be "fairly attributable to the state" under one of three tests: the public function test, the state compulsion test, or the nexus test. *See generally, Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995). The public function test requires a plaintiff to show that the private entity exercise powers which are traditionally exclusively reserved to the state; the state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state; and the nexus test requires a showing of a sufficiently close relationship (through state regulation or contract) between the state and the private actor such that the action taken may be said to be attributed to the state. *Id.* The plaintiff's complaint alleges no facts whatsoever suggesting that ACMC, a private

---

[1] Specifically, he alleges he went to ACMC's emergency room multiple times from December 2010 to December 2011, complaining of symptoms caused by STDs. The ACMC physicians who saw him did not diagnose and treat him for STDs, but instead told him he was fine and did not need further medical attention. The plaintiff alleges that after he became incarcerated in the Lorain Correctional Institution in 2012, he discovered that ACMC failed to properly diagnose him and treat him after prison medical staff diagnosed his STDs. He alleges ACMC's failure to properly diagnose and treat him, from December 2010 to December 2011, caused him to develop a stronger infection and expose others to his STDs.

not-for-profit hospital, acted under color of state law under any of these tests when the plaintiff was seen in its emergency room. There are no allegations suggesting that ACMC was contractually bound to, or otherwise acted on behalf of the state, when the plaintiff was seen in its emergency room in 2010 and 2011. Rather, the plaintiff's allegations suggest that the plaintiff voluntarily presented himself in ACMC's emergency room prior to his incarceration for symptoms he was experiencing outside of any state involvement. Accordingly, the plaintiff's complaint fails to state a claim under § 1983 for lack of state action.

Further, even if ACMC's conduct could be said to be a state actor, a private company acting under color of state law "cannot be held liable under section 1983 on a *respondeat superior* or vicarious liability basis." *See Street*, 102 F.3d at 818 (citing *Monell v. Department of Social Serv.*, 436 U.S. 658 (1978)). There must be allegations that the entity itself violated the plaintiff's constitutional rights. The plaintiff's complaint is devoid of allegations that ACMC had a policy or practice that caused the harm the plaintiff alleges. Accordingly, his action against ACMC fails to state a claim under § 1983 for this reason as well.

Finally, the plaintiff has not alleged he suffered a constitutional deprivation. He alleges no specific constitutional violation in his complaint, and it is well-settled that claims of medical malpractice or negligent medical care are not cognizable in a civil rights action under § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Reilly v. Vadlamudi*, 680 F.3d 617 (6th Cir. 2012).

## Conclusion

For the reasons stated above, the plaintiff's complaint fails to state a claim on which relief may be granted under § 1983 and is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be

taken in good faith.

    IT IS SO ORDERED.

                                                                             _____
                                                                             DONALD C. NUGENT
                                                                             UNITED STATES DISTRICT JUDGE

Dated: _June 5, 2015_